IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTT POSNANSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. L-04-4076 |
| | : | |
| ARNIE GUERRA, | : | |
|     Defendant. | : | |
| | : | |

**MEMORANDUM**

On December 30, 2004, Scott Posnanski ("Posnanski") filed a complaint against an attorney, Arnie Guerra ("Guerra"), alleging fraud, deceit, and negligent misrepresentation. Guerra filed an answer and a motion to dismiss for improper venue. For the reasons stated herein, the Court will, by separate order, DENY the motion to dismiss and ISSUE a scheduling order.

**I. Background**

On September 22, 1998, Posnanski pleaded guilty in this Court to one count of bank fraud. On July 14, 1999, the Court sentenced him to 41 months imprisonment. Posnanksi served his sentence at a correctional facility in Wisconsin.

According to the complaint, Guerra, who is an attorney licensed in Texas, met with Posnanski at the correctional facility in Wisconsin on February 17, 2001. Guerra promised Posnanski that, in exchange for a $125,000 fee, he could secure a sentence reduction and eliminate Posnanski's restitution obligation. Guerra claimed that he had contacts in Texas who would provide him with information about drug deals. Also according to the complaint, Guerra promised Posnanski that he would pass on these "tips" to federal law enforcement officials in

exchange for a sentence reduction (for Posnanski) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.[1]

A few days later, Guerra told Posnanski that he had contacted an Assistant United States Attorney[2] who was interested in obtaining the tips in exchange for a sentence reduction. Posnanski also alleges that Guerra contacted his family and demanded more money ($60,000). Guerra then told the family that he needed another $65,000 to fly to Maryland to meet with an AUSA, with whom he claimed to have an appointment.

Posnanksi claims that he and his family paid all the requested sums to Guerra, who thereafter avoided contact with Posnanski and his family. When they finally reached Guerra, he assured the family that he was pursuing the matter with success. In August, 2002, Posnanski was released from the correctional facility in Wisconsin after having served his sentence. According to his complaint, Posnanksi also paid full restitution.

Posnanski alleges that Guerra engaged in fraud, constructive fraud, and negligent misrepresentation. He seeks repayment and punitive damages.

Guerra filed a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(b).

---

[1] Rule 35(b) "Reducing a Sentence for Substantial Assistance" reads in pertinent part:
(2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

[2] Throughout most of the parties' filings, the unnamed AUSA who was Guerra's supposed contact is referred to as a "prosecutor."

**II. Analysis**

Under 28 U.S.C. § 1391(a)(3), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Posnanski represents that he filed the instant suit in Maryland because he was prosecuted here, and the matters at issue in this suit "arise out of" his criminal case. Posnanski also points to phone calls that Guerra claims to have made to an AUSA in Maryland and a trip to Maryland to meet with an AUSA. In support of his motion to dismiss, Guerra states, without elaboration, that venue is "proper" in Texas because he received and initiated phone calls there. Guerra does not dispute this Court's personal jurisdiction over him.

This Court finds that venue is proper in this district. The complaint contends that significant events took place in this state. Guerra states in his answer that "Defendant did set up meetings with this [Maryland-based] prosecutor and Defendant further asserts that federal law enforcement officers were in fact preparing a report to be submitted on Plaintiff's behalf." His alleged representations to Posnanski involve a Maryland AUSA, and potentially this Court. Because venue in this district is proper, the case cannot be dismissed under § 1406(b).

Guerra states that the majority of his witnesses reside in Texas. Based on this statement, the Court construes his motion to dismiss as a motion to transfer venue under 28 U.S.C. § 1404(a).[3]

---

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In a 1404(a) motion, the burden is on the moving party to show that transfer is appropriate. Lynch v. Vanderheof Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002). Guerra makes only a half-hearted attempt to satisfy this burden through vague assertions that his (unnamed) witnesses are located in Texas.

A plaintiff is normally entitled to select his forum. Cronos Containers, Ltd. v. Amazon Lines, Ltd., 121 F. Supp. 2d 461, 465 (D. Md. 2002). Nevertheless, the decision whether to transfer is committed to the sound discretion of the district court. Dicken v. U.S., 862 F. Supp. 91, 92 (D. Md. 1994) (citing Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956)). Because Posnanski properly filed suit in this district, and because Guerra has not shown that transfer of venue is necessary, the Court will neither dismiss nor transfer this matter.

**III. Conclusion**

For the foregoing reasons, the Court will, by separate Order, DENY the Defendant's motion to dismiss, or in the alternative, transfer venue, and ISSUE a Scheduling Order for the parties to proceed to discovery.

Dated this 12th day of January, 2006.

                                                           /s/
                                           Benson Everett Legg
                                           Chief Judge